**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| GARY McKEEHAN. ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:07-cv-227-SEB-TAB |
| ) | |
| STANLEY KNIGHT, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Gary McKeehan is a prisoner of the State of Indiana who seeks a writ of habeas corpus with respect to the denial by the Indiana Department of Correction of Earned Credit Time ("ECT") for completion of Substance Abuse and general education development ("GED") programs.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues.").

McKeehan's federal habeas claim has not been presented to the Indiana state courts. A meaningful avenue for doing so exists, however, which is illustrated by cases such as Renfroe v. Parke, 736 N.E.2d 797 (Ind.Ct.App. 2000) (post-conviction court failed to recognize I.C. § 35-50-6-3.3 and remanded to determine the proper expiration date of inmate's fixed term), and *Rogers v. State,* 705 N.E.2d 1039 (Ind.Ct.App. 1999) (addressing education credit time earned for completion of the GED diploma).

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992). The only manner in which that purpose can be served is by dismissing this action, without prejudice, and allowing the petitioner to proceed with his challenge in the Indiana courts, if he elects to do so. So shall it be, and judgment consistent with this Entry shall now issue. The dismissal of the action shall be without prejudice.

**IT IS SO ORDERED.**

Date: 07/19/2007

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana